**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 11-4794**

―――――――――――

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

RAHMAN TERRY, a/k/a Rodney, a/k/a Rahman D. Terry,

              Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:11-cr-00037-1)

―――――――――――

Submitted: January 30, 2012     Decided: February 15, 2012

―――――――――――

Before WILKINSON, DAVIS, and DIAZ, Circuit Judges.

―――――――――――

Dismissed by unpublished per curiam opinion.

―――――――――――

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, PLLC, Charleston, West Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, William Bryan King, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rahman Terry seeks to appeal his conviction and sentence after pleading guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (2006). Terry's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in her opinion, that there are no meritorious grounds for appeal, but raising the issues of whether Terry's appeal falls within the scope of his appellate waiver and whether the district court abused its discretion by sentencing him as a career offender and ordering that his sentence run consecutively to his undischarged state sentence.  The Government has moved to dismiss the appeal as barred by Terry's waiver of the right to appeal included in the plea agreement.  Terry was notified of his right to file a pro se supplemental brief but has not done so.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Terry knowingly and voluntarily waived his right to appeal, and the issues he seeks to raise fall within the scope of the waiver. Accordingly, we grant the Government's motion to dismiss.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore grant the Government's motion to dismiss and dismiss the appeal.  This court requires that counsel inform her

client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED